# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| MONTE BURNHAM, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 4:19-cv-00168-LCB |
| NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

On January 30, 2019, the Plaintiff Monte Burnham filed a complaint (Doc. 1) seeking judicial review of an adverse final decision of the Commissioner of the Social Security Administration ("the Commissioner") pursuant to 42 U.S.C. § 405(g). The Commissioner filed an answer to the complaint on May 8, 2019. (Doc. 6). The Plaintiff filed a brief in support of his position on June 20, 2019, (Doc. 9) and the Commissioner filed a brief in support of the decision on August 13, 2019 (Doc. 13). Therefore, this issue is ripe for review. For the following reasons stated below, the final decision of the Commissioner is affirmed.

**I.      BACKGROUND**

The Plaintiff protectively filed for a period of disability, disability insurance benefits, and supplemental security income on February 19, 2016 (R. 32). He alleged that his disability began on January 1, 2015[1]. (*Id*). Both claims for benefits were denied on May 19, 2016, and the Plaintiff subsequently filed a request for a hearing before an Administrative Law Judge (ALJ) on May 25, 2016. (*Id*). The Plaintiff appeared before ALJ Ruth Ramsey through a video hearing on October 24, 2017. (*Id*). The Plaintiff testified at the hearing and was questioned by his attorney and the ALJ. (R. 56, 62). Additionally, vocational expert Lee Clemons testified at the hearing. (R. 68). The ALJ issued her opinion on March 23, 2018 (R. 43). When she issued her opinion, the ALJ used the five-step evaluation process promulgated by the Social Security Administration to determine whether an individual is disabled. (R. 33). The ALJ made the following determinations:

1. The Plaintiff meets the insured status requirements of the Social Security Act through March 31, 2016. (R. 34).

2. The Plaintiff has not engaged in substantial gainful activity since January 1, 2015, the alleged onset date of the disability. (*Id*).

3. The Plaintiff has the following severe impairments: bipolar disorder, degenerative disc disease (DDD) of the lumbar spine, degenerative joint (DJD) of the left knee, and HIV. (*Id*).

4. The Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (R. 35).

---

[1] The ALJ mistakenly listed the Plaintiff's onset date as April 1, 2010 on the first page of her opinion.

5. The Plaintiff has the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. 404.1567(a) and 416.967(a). The Plaintiff can: stand/walk four hours in a workday day and 30 minutes at a time; use a cane for prolonged ambulation; perform a job that can be done seated or standing; occasionally push/pull using his left lower extremity; occasionally balance, stoop and crouch; and frequently finger, feel, handle, and grasp. He can never kneel, crawl, or climb ladders, ropes, stairs or scaffolds. He should avoid concentrated exposure to extreme cold, heat, wetness and humidity. The Plaintiff will be limited to: simple, routine tasks and short simple instructions; infrequent workplace changes that are introduced gradually; working with things not people; breaking every two hours; performing a job that does not require reading or writing and will miss work 1-2 days a month. (R. 38).

6. The Plaintiff has no past relevant work. (R. 41).

7. The Plaintiff was born on April 30, 1968, and was 41 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date. (R. 21).

8. The Plaintiff has a limited education and can communicate in English. (*Id.*).

9. A determination of transferability of job skills is not material to the determination of disability as the Medical-Vocational Rules support a finding that the Plaintiff is not disabled. (*Id.*).

10. With the Plaintiff's age, education, work experience, and RFC, there are a significant number of jobs in the national economy he can perform. (R. 42).

11. The Plaintiff has not been under a disability as defined in the Social Security Act, from January 1, 2015, through the date of the ALJ's decision on March 23, 2018. (R. 42).

After the ALJ denied his claim, the Plaintiff requested an appeal to the Appeals Council and was denied on December 14, 2018. (R. 1). At that point, the

ALJ's decision became the final decision of the Commissioner. *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015). The Plaintiff filed this action on May 9, 2017. (Doc. 1).

## II. DISCUSSION

The Social Security Administration (SSA) is authorized to pay Supplemental Security Insurance (SSI) and disability insurance to claimants that have a disability. *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1358 (11th Cir. 2018) (citing *Barnhart v. Thomas*, 540 U.S. 20, 21 (2003)). The Social Security Administration defines disability as "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months." *Id.* at 1358-59. (citing 42 U.S.C. §§ 423 (d)(1)(A)).

### A. Standard of Review

The Court reviews "de novo the legal principles upon which the ALJ relied, but [is] limited to assessing whether the ALJ's resulting decision is supported by substantial evidence." *Henry*, 802 F.3d at 1266-67. "Substantial evidence is more than a scintilla and is such relevant evidence that a reasonable person would support its conclusion." *Winshel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citing *Crawford v. Comm'r of Soc. Sec.*, 631 F.3d 1155, 1158 (11th Cir.

2004)). The Court does not "decide facts anew, mak[e] credibility determinations, or reweigh the evidence." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). The Court instead "must scrutinize the record as a whole in determining whether the ALJ reached a reasonable decision." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

### B. Five Step Sequential Evaluation

In order to determine if a claimant has a disability, the SSA regulations mandate that an ALJ must follow a five-step sequential evaluation while evaluating a disability claim. *See* 20 C.F.R. §§ 404.1520; 416.920. Pursuant to the regulations, the ALJ must proceed with his analysis as follows:

1. Is the claimant engaged in substantial gainful activity? If "yes" the claimant is not disabled and the analysis ends here. If the answer is "no," proceed to the next step of the analysis. 20 C.F.R. § 404.1520.

2. Does the claimant have a medically determinable physical or mental impairment or combination of impairments that meets the duration requirements of 20 C.F.R. § 404.1509? If "no," the claimant is not disabled. If "yes," proceed to the next step of the analysis. *Id.*

3. Does the claimant have an impairment that equals a listed impairment in 20 C.F.R. § 404, Subpart P Appendix 1 and meets the durational requirements of 20 C.F.R. § 404.1509? If "yes" the claimant is disabled. If "no," proceed to the next step of the analysis. *Id.*

4. Does the claimant have the residual functional capacity (RFC) to return to past relevant work? If "yes" the claimant is not disabled. If no, proceed to the final step of the analysis. *Id.*

5. Does the claimant's RFC, age, education, and work experience allow him or her to make an adjustment to other work? If "no," the claimant is disabled. If "yes," the claimant is not disabled. *Id.*

Initially, the claimant bears the burden of proof regarding the first four steps of the above analysis. *Washington,* 906 F.3d at 1359. The claimant carries a particularly heavy burden when showing why he or she cannot engage in past relevant work. *Id.* After the fourth step, the burden then shifts to the Commissioner to determine if there are jobs in the national economy that the claimant can perform. *Id.* However, while the burden shifts to the Commissioner at step five, the burden ultimately falls to the claimant to show a disability exists. *Id.* (citing *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001)).

**C. The Plaintiff's Contentions**

The Plaintiff alleges the ALJ erred in three ways when deciding he was not disabled. First, the Plaintiff claims the ALJ did not properly weigh the opinions of physicians that determined he was disabled. (Doc. 9 at 10). The Plaintiff also claims that the ALJ improperly evaluated his subjective pain symptoms. (*Id*. at 4). Finally, the Plaintiff claims the ALJ did not properly consider the combined effects of his impairments. (*Id*. at 15).

**1. The ALJ gave appropriate weight to the medical source opinions.**

The Plaintiff contends the ALJ did not give proper credit to the opinions of physicians and medical professionals that determined he had significant limitations

because of his symptoms. (Doc. 9 at 10). He specifically lists the opinions Dr. Sally Gordon, Dr. Holly Deemer, Dr. Paige Pang, and Ms. Susanne Fogger[2] as being given incorrect weight. (*Id.*). Dr. Gordon examined the Plaintiff once and determined that his severe mental and physical impairments would interfere with his ability to work. (R. 1111). Similarly, Dr. Deemer examined the Plaintiff once and found that his mental health issues impacted his ability to work. (R. 363). Dr. Pang, the Plaintiff's substance abuse counselor, opined that he could not return to full time employment without his employer making "multiple adaptations." (R. 1474). Finally, Ms. Fogger, a certified nurse practitioner, provided that the Plaintiff would not be able to hold a job because of his physical and mental impairments. (R. 1471).

The ALJ gave Dr. Gordon's opinion partial weight to the extent that her conclusions were supported by the medical evidence. (R. 40). The ALJ gave little weight to Dr. Deemer's and Ms. Fogger's opinions in part because they were not supported by objective medical evidence. (R. 41). Finally, the ALJ gave no weight to Dr. Pang's opinion because her opinion referenced the Plaintiff's physical limitations, but she only treated him for his substance abuse problems. (*Id.*).

When deciding what weight to give medical opinions, "the ALJ should consider the following facts: the examining and treatment relationship between the claimant and doctor; the supportability and consistency of the opinion with the

---

[2] The Plaintiff incorrectly identified Ms. Fogger as Ms. Dugger.

7

record as a whole; the specialization of the doctor; and other factors that tend to support or contradict the opinion." *Hand v. Soc. Sec. Admin.*, 786 F. App'x. 220, 224 (11th Cir. 2019) (citing 20 C.F.R. § 404.1527(c)). "The ALJ applies the same standards whether the medical opinion is from a treating physician, a consultative examiner hired by the agency, or a nonexamining, reviewing physician." *Id.* The regulations also provide that more weight will be given to sources that are supported by the claimant's entire record. 20 CFR § 404.1527(c)(1). An "ALJ may reject any medical opinion if the evidence supports a contrary finding." *Sharfarz v. Bowen*, 825 F.2d 278, 280 (11th Cir. 1987).

Substantial evidence supports the weight the that the ALJ gave the respective medical opinions. Regarding Dr. Gordon's opinion, the medical evidence does partially support her assessment. Indeed, the medical record reflected that the Plaintiff experiences physical limitations because of his severe impairments. However, the record also reflects that the Plaintiff exhibited largely typical findings in his examinations, including normal range of motion and normal ambulation regarding his physical abilities. *See* (R. 931, 954, 983, 1036). Additionally, while his mental health findings indicated that the Plaintiff struggled with depression and suicidal thoughts, his record also provides examinations in which his psychiatric evaluations were normal. *See* (R. 674, 700, 791, 1006).

The ALJ's decision to give little weight to Dr. Deemer's opinion is supported by substantial evidence as well. While Dr. Deemer opined that the Plaintiff's mental health disorders generally prevented him from working, the medical record provides that many of the Plaintiff's examinations reflected normal psychiatric findings. *See* (R. 674, 769, 778, 954, 983, 1006). Finally, substantial evidence supports the ALJ's decision to give little weight to Ms. Fogger's opinion and no weight to Dr. Pang's opinion. As noted above, the medical evidence does not reflect that the Plaintiff could not engage in any work. Further, as Ms. Fogger is Nurse Practitioner and Dr. Pang is a substance abuse counselor, the ALJ is not required to give great weight to their opinions as they are not considered physicians under the regulations. *See* Program Operations Manual System, HI 00401.295. Accordingly, the ALJ did not err when assigning weight to these opinions.

**2. The ALJ correctly considered the Plaintiff's subjective pain testimony**

The Plaintiff also contends that the ALJ improperly discounted his subjective pain symptoms. (Doc. 9 at 4). The ALJ considered his symptoms but ultimately found that the "intensity, persistence and limiting effects" of the Plaintiff's symptoms were not wholly credible. (R. 40).

A claimant's statements about his pain will not suffice to establish a disability exists. 20 C.F.R. § 404.1529(b). Instead, "[t]here must be objective medical evidence from an acceptable medical source" that would allow the ALJ to find he is disabled.

9

20 C.F.R. § 404.1529(a). The ALJ will also consider factors such as: the claimant's daily activities, side effects of the claimant's medication, and other factors concerning functional limitations. *See* 20 C.F.R. § 404.1529(c)(3)(i-vii). *See also* SSR 16-3P, 2017 WL 5180304 at *6-8. A "claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can give rise to the claimed pain" to establish a disability based on pain. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). If an ALJ "fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, then [the ALJ], as a matter of law, has accepted the testimony as true." *Hale v. Bowen*, 821 F.2d 1007, 1012 (11th Cir. 1987). "Implicit in this rule is the requirement that such articulation of reasons by the [ALJ] be supported by substantial evidence." *Id*.

The ALJ clearly outlined why she discounted the Plaintiff's subjective testimony. She noted that the Plaintiff's objective medical evidence did not support that his limitations were as restrictive as he alleged. (R. 38). Substantial evidence supports the ALJ's conclusions. Medical evidence in the Plaintiff's record reflects his severe impairments cause limitations, but the entire record does not substantiate his claims. For example, the Plaintiff's examinations reflected that he displayed a normal range of motion and normal ambulation on many occasions. *See* (R. 686,

691, 928, 1036, 1137, 1236). Additionally, the record provides many of the Plaintiff's psychiatric findings were normal, he displayed cooperative mood and affect, and normal thought processes. *See* (R. 643, 686, 778, 954, 1163, 1305). The Plaintiff also reported being able to still engage in activities of daily living and take care of his personal needs. *See* (R. 315, 641, 673). Finally, the record provides that the Plaintiff's HIV was under control with treatment. (R. 654, 677). Accordingly, the ALJ did not err when discounting the Plaintiff's subjective pain complaints.

### 3. The ALJ did not err when considering the combined effects of the Plaintiff's impairments.

Finally, the Plaintiff argues that the ALJ did not properly consider the combined effects of his severe mental and physical impairments. (Doc. 9 at 15). The Plaintiff contends that had the ALJ properly considered all his impairments, she would not have determined he was not disabled. (*Id*.).

Substantial evidence supports the ALJ's treatment of the Plaintiff's severe impairments. An ALJ is required to consider all the "limitations and impairments" caused by a claimant's severe impairments. SSR 96-8p, 1996 WL 374184 at *5. In her decision, the ALJ's RFC finding reflected the Plaintiff's mental and physical limitations. For example, the Plaintiff's RFC limited his interaction with the public, allowed him to use a cane for prolonged periods of time, and included that he take a break every two hours. (R. 38).

Towards the end of the Plaintiff's argument, he alleges the ALJ erred by not fully developing the record. (Doc. 15, p. 12). "Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived." *N.L.R.B. v. McClain of Georgia, Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998). In this case, the Plaintiff claims the ALJ failed to develop the record, but he did not provide the Court with a complete argument or evidence of this contention. Therefore, the Court finds that this issue is waived.

### III. CONCLUSION

For these reasons, and the Court being otherwise sufficiently advised, it is **ORDERED** that the final decision of the Commissioner is **AFFIRMED**. A final judgment will be entered separately.

**DONE** and **ORDERED** this March 30, 2020.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE